NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-944

COMMONWEALTH

vs.

D.H.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant pleaded guilty in March of 2017 to operating a motor vehicle under the influence of liquor, subsequent offense, G. L. c. 90, § 24 (1) (a) (1).  In July of 2023, he moved for a new trial, claiming that his conviction resulted from the misconduct of the State police Office of Alcohol Testing (OAT) involving certain breathalyzer devices, see Commonwealth v. Hallinan, 491 Mass. 730, 745-748 (2023), and accordingly that his guilty plea should be vacated.  The motion was denied, and the defendant appealed.  We affirm.

At the defendant's plea hearing, he admitted to the following facts:  on February 19, 2016, the defendant crashed his car on Russell Road in Westfield, a public way.  The

Westfield police arrived to find the defendant outside his car. His speech was slurred, his eyes were red, bloodshot, and glassy, and an odor of alcohol was coming from him.  The defendant indicated that he had been drinking alcohol in Springfield.  He failed two sobriety tests and was arrested.  At the station the defendant consented to a breath test; the result was 0.23.[1]  Further facts were contained in police reports, including that the defendant had crashed his car into the front of a residence, breaking off a natural gas connection and causing an evacuation of neighboring properties, and that he had struck another motorist shortly before the crash.

On appeal, the defendant admits that Hallinan requires him and defendants in his position to show prejudice from the prosecutorial misconduct at issue -- that is, he must "demonstrate a reasonable probability that he . . . would not have pleaded guilty had he . . . known of OAT's misconduct." Hallinan, 491 Mass at 750.  See also Commonwealth v. Scott, 467 Mass. 336, 354-355 (2014); Ferrara v. United States, 456 F.3d 278, 290, 294 (1st Cir. 2006).  The defendant further admits he has not done so here.  Instead, he argues that no showing of prejudice should be required, but rather that his conviction

_____

[1] The record before us does not indicate whether the breathalyzer device used was an Alcotest 9510, the device implicated by Hallinan.  See Hallinan, 491 Mass. at 748.

2

(and those of other defendants in his position) should be automatically reversed, in order "[t]o remove the cloud over the integrity of our system of justice cast by the egregious prosecutorial misconduct detailed in Hallinan." Cf. Commonwealth v. Cotto, 471 Mass. 97, 115 (2015).

We, of course, cannot overrule the Supreme Judicial Court. Commonwealth v. Dube, 59 Mass. App. Ct. 476, 485 (2003). Furthermore, here there was overwhelming evidence that the defendant was under the influence of alcohol while operating his motor vehicle other than the breath test, including that he crashed his vehicle into a residence, admitted to drinking alcohol before driving, and failed two field sobriety tests. Moreover, the defendant was sentenced to 127 days in the house of correction, suspended for two years -- essentially a term of probation. Accordingly, we note that this case provides an excellent example of why, as the Supreme Judicial Court concluded in Hallinan, defendants seeking post-judgment relief in these cases are required to demonstrate a "reasonable

probability" that they would not have pleaded guilty but for OAT's misconduct.  See <u>Hallinan</u>, 491 Mass. at 750.

<u>Order denying motion for new trial affirmed</u>.


By the Court (Sacks,
  Englander & Walsh, JJ.[2]),

Clerk

Entered:  June 2, 2025.

---

[2] The panelists are listed in order of seniority.